## LONG v. ROSEDALE CEMETERY.

(Circuit Court, D. New Jersey. December 2, 1897.)

CEMETERY COMPANIES—ACTIONS FOR NEGLIGENCE

Cemetery companies organized under the New Jersey general cemetery act (1 Gen. St. p. 353, par. 18) are not exempt from actions for damages arising from the negligence of their servants, on the ground either of the peculiar use to which the property is devoted, or because a judgment, if one is obtained, cannot be enforced by execution; for paragraph 18 of the statute provides a method of satisfying judgments, by sequestrating in equity the incomes and revenues of the cemetery grounds.

This was an action at law by Ellen Long against the proprietors of the Rosedale Cemetery to recover damages alleged to have been caused by the negligence of the defendant's managers and servants.

Francis J. Swayze, for demurrer.
Frank P. McDermott, opposed.

KIRKPATRICK, District Judge. The declaration in this case avers that the defendant is a corporation organized under the laws of the state of New Jersey, and founds its complaint upon the ground of the negligent conduct of its managers and servants. That corporations are liable for the wrongful acts of their servants, committed while in the discharge of their duties, cannot, as a general proposition, be denied. Brokaw v. Transportation Co., 32 N. J. Law, 328. The defendant company is not distinguishable on the pleadings from any other corporation incorporated under the law of New Jersey, except by its name, and that it is the "proprietor and operator of a certain cemetery." The strongest conclusion favorable to the defendant that can be drawn from this assertion is that the company is incorporated under the general laws of the state relating to cemetery companies, and entitled to the immunities of that act. It nowhere appears that the defendant enjoys special privileges granted under special charter. The general cemetery act (1 Gen. St. p. 353, par. 18), among other things, provides:

"That the rents, issues, profits, incomes and revenues derived from any and all lands lying within the boundary of any cemetery or burying ground belonging to or used by or held in trust by an incorporated cemetery company in this state may be taken and sequestered under and by virtue of the orders and decrees of the court of chancery of the state according to the rules and practice of that court, and applied by said court of chancery to the payment of any judgment recovered in any of the courts of this state against said cemetery company."

The legislature having provided a way by which judgments against cemetery companies may be satisfied, non constat that a judgment against this defendant would be a nullity. It may be that the defendant, like many another, has not the means from which an execution may be satisfied in the manner provided by law, but that inability to respond is not a bar to the recovery of the judgment. In this case the judgment is the necessary foundation of the sequestration proceedings before the chancellor, and without it the plaintiff would not have a standing in court to ascertain whether the defendant was possessed of "rents, issues, profits, income and revenues derived from

lands," etc., which, upon a proper application, the court would place in the hands of a receiver for the purpose of satisfying the plaintiff's judgment. Surely the law is not brought into contempt by permitting judgment to be entered against the defendant, when there is a possible means by which it may be satisfied. The remarks of Lord Cockburn in Coe v. Wise, 5 Best & S. 440, applied only to cases where "the judgment cannot possibly be satisfied, either by taking the person or property of the defendant, or by any other means." The cases relied upon by the defendants, and cited in their brief, as showing that certain corporations are not liable for the wrongful acts of their servants, are based upon the principle that their funds and revenues cannot be diverted from the purposes of their incorporation to the payment of damages arising from their servants' negligence. This is no case for the application of that principle, for the legislature has expressly said that certain rents and revenues of cemetery companies may, under certain circumstances, be applied to the "payment of any judgment."

It is insisted that the defendant corporation is a charitable organization, and, as such, relieved from responsibility for the wrongful acts of its servants. "The test which determines whether such an enterprise is charitable or otherwise is its purpose. If its purpose is to make profit, it is not a charitable enterprise." Railway Co. v. Artist, 19 U. S. App. 612, 9 C. C. A. 14, 60 Fed. 365. The court has not at hand any means by which this test may be applied, and is therefore unable to dismiss the plaintiff's suit on that ground. Neither can the court deprive the plaintiff of the remedy from "considerations of decency, and pious reverence for the dead." The lands of the defendants, surrounding the lots appropriated for the burial of the dead, are by the law exempt from sale under execution, to indiscriminate purchasers, for purposes foreign and repugnant to the purposes to which the whole plot has been dedicated; but the same law points out the way by which, without doing violence to these natural feelings, certain profits and revenues of cemetery companies may be applied to the payment of any judgment which may be recovered against them. The demurrer must be overruled, with costs.